Elmo McDONALD, et al.,
Plaintiffs-Appellees,

v.

UNION CARBIDE CORPORATION, et al., Defendants-Appellees,

v.

ALLIED CHEMICAL CO., GTE Sylvania Co. and Convent Chemical Co.,
Defendants-Appellants.

No. 83–1758
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1984.

---

John McBryde, John F. Green, Jr., Fort Worth, Tex., for Allied.

Smith, Smith & Smith, Lancaster Smith, Dallas, Tex., for GTE Sylvania.

Cantey, Hanger, Gooch, Munn & Collins, Stephen L. Tatum, Fort Worth, Tex., for Convent.

Oscar H. Mauzy, Grand Prarie, Tex., John E. Collins, Dallas, Tex., for McDonalds, Walker, Zbieronez, Nichols, Moss & Byerly.

Simon, Anisman, Wilson, Doby & Liles, Fort Worth, Tex., for Gilmore.

Thompson & Knight, Dallas, Tex., for African Metals, Afrimet & Stauffer.

Bailey & Williams, C. Edward Fowler, Jr., Kevin J. Keith, Dallas, Tex., for Aluminum Co. of Am.

Maxwell, Godwin & Carlton, James S. Maxwell, Dallas, Tex., for Am. Cyanamid Corp.

Robert M. Greenberg, Dallas, Tex., for Cooper, Diamond Alkali, Diamond Shamrock, Huntington, & Intl. Nickel.

Crumley, Murphy & Shrull, Roswald Shrull, Fort Worth, Tex., for Climax Molybdenu and American Metal Climax.

Camp, Jones, Johnson, O'Neill & Hall, John P. Camp, H. Harman Camp, Fort Worth, Tex., for Dow Chemical.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Fort Worth, Tex., for Harshaw Chemical.

Jackson, Walker, Winstead, Cantwell & Miller, C. Steven Matlock, Dallas, Tex., for Hooker Chemical.

Coke & Coke, Dallas, Tex., for Kaiser.

Strasburger & Price, John H. Marks, Jr., P. Michael Jung, Dallas, Tex., for McGean Chemical.

Locke, Purnell, Boren, Laney & Neely, P.C., Michael H. Collins, John L. Estes, Dallas, Tex., for Olin Corp. & Olin-Mathieson.

Simon, Peebles, Haskell, Gardner & Betty, Anne Gardner, Richard U. Simon, Jr., Fort Worth, Tex., for Phillips Bros. and S.W. Shattuck Chemical.

Rain, Harrell, Emery, Young & Doke, Marshall M. Searcy, Dallas, Tex., for United Catalyst.

Baker & Botts, F. Walter Conrad, Jr., Houston, Tex., for Union Carbide.

Charles R. Haworth, Dallas, Tex., for Mallinckrodt, Inc.

Clayton E. Devin, Dallas, Tex., for McKesson Chemical Co.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Five separate diversity actions were filed against American Cyanamid Company, along with 29 other suppliers of materials, for personal injuries the plaintiffs allegedly sustained while working for American Cyanamid in Fort Worth, Texas. The cases were consolidated for discovery and pre-trial. Following a significant amount of discovery the plaintiffs, intervenors, and most defendants settled and submitted to a partial final judgment under Fed.R.Civ.P. 54(b). Three of the five non-settling defendants appeal claiming: (1) the court lacked authority to prohibit third-party actions by the non-settling defendants against the settling defendants; (2) alternatively, if the court had such authority, the use made was improper; (3) the court erred in failing to tax the court costs incurred by the non-settlors against the settling defendants; and (4) the judgment is deficient because it fails to apportion the settlement proceeds among the plaintiffs. Finding no merit in any assignment, we affirm.

■ The district court had the requisite authority to enter a partial final judgment which governed subsequent third-party actions in the consolidated proceeding. The judgment prohibited non-settling defendants from bringing third-party claims against settling defendants. Under Fed.R. Civ.P. 14(a), after ten days from answer the district court has the discretion to deny the filing of a third-party complaint and it may strike any such claim filed either by right or by leave. Rule 14 applies in this case. *See generally*, Wright & Miller, Federal Practice and Procedure: Civil §§ 1421, 1443, 1454; 3 Moore, Moore's Federal Practice, ¶ 14.05[2] (2d ed. 1983). The district court is accorded "wide discretion in determining whether to permit such third party procedure to be resorted to." *Southern Railway Co. v. Fox*, 339 F.2d 560, 563 (5th Cir.1964). This discretion includes the approval of settlement agreements which deal with third-party actions against those released by those who remain as parties to the litigation.

■ The second assignment maintains that the court was unfair to the non-settling defendants. We are not persuaded. The district court carefully crafted the judgment to protect the interests of the remaining defendants. The judgment obliges the settling defendants to cooperate during the continuation of discovery as if they remained as parties to the suit. Submissions to the jury may be drafted to fully account for the responsibility of the settling defendants just as if they had continued in the suit. Non-settlors are allowed an opportunity to amend their answers to include a plea for a reduction in liability as a consequence of the settlement. Finally, the concerns voiced by appellants as to other possible adverse consequences are not supported by Texas statutory or jurisprudential law. *See* Tex.Rev.Civ.Stat. art. 2212a (Vernon 1984 Supp.); *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex. 1984), 27 Tex.S.Ct.J. 336 (1984).

■ The remaining claims also lack merit. Appellants would have the district court assess their court costs against the settling defendants. Absent an apparent abuse of discretion we will not disturb the trial judge's assessment of costs. *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir.1978); *LeLaurin v. Frost National Bank*, 391 F.2d 687 (5th Cir.), *cert. denied*, 393 U.S. 979, 89 S.Ct. 447, 21 L.Ed.2d 440 (1968); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2668. In this instance, the district court's provision as to costs was eminently correct. The final claim is that the judgment fails to pass muster because of a failure of allocation of the settlement proceeds. Should that information subsequently prove material to the protection of appellants' rights, it will be available. Appellants' anticipated concern is premature and without merit.

AFFIRMED.