Toney THOMAS, Plaintiff,

v.

FLORIDA POWER & LIGHT COMPANY, Defendant.

No. 82–6722–Civ–ALH.

United States District Court,
S.D. Florida,
Miami Division.

July 31, 1984.

Toney Thomas, pro se.

James Bramnick, Miami, Fla., for defendant.

### FINAL SUMMARY JUDGMENT

HASTINGS, District Judge.

THIS CAUSE has come before the Court on Defendant's Motion for Summary Judgment. This suit is an individual disparate treatment action brought for declaratory judgment, injunctive relief, back pay, and reinstatement to employment, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for alleged employment discrimination based upon race leading to Plaintiff's discharge from the employ of the Defendant.

According to the allegations of the Complaint, Plaintiff was harassed and ultimately discharged because of his race. Plaintiff also alleges that he was denied due process of law.

Defendant has moved for a summary judgment, claiming that Plaintiff failed to file his charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission in timely fashion, and that such timely filing is a necessary condition precedent to bringing an action under Title VII of the Civil Rights Act. Both Plaintiff, acting *pro se*, and Defendant have submitted memoranda of law in support of their positions on this issue.

The Plaintiff, TONEY THOMAS, is a Black citizen of the United States and a resident of the State of Florida. The Defendant, FLORIDA POWER & LIGHT COMPANY, is a Florida corporation, engaged in the business of generating and distributing electricity throughout the State of Florida; at all times relevant to this action, the Defendant (hereinafter "FPL") has employed more than fourteen persons.

Plaintiff THOMAS was employed by Defendant FPL for four months in 1980. On July 14, 1980, Plaintiff was hired by FPL as a Helper at Defendant's Wingate Service Center in Fort Lauderdale, and on September 20, 1980, Plaintiff was accepted for the position of Apprentice Lineman at Defendant's Boca Raton Service Center. On November 21, 1980, TONEY THOMAS was discharged by FPL. When discharged, Plaintiff was still within the six month probationary status that all of Defendant's bargaining unit employees must undergo at the beginning of their employment with FPL.

On August 20, 1981, the Plaintiff filed a charge of discrimination against Defendant FPL with the Florida Commission on Human Relations. The Equal Employment Opportunity Commission ("EEOC") originally received the charge of discrimination on August 26, 1981. Then, on September 14, 1981, the Florida Commission on Human Relations completed its consideration of the charge, and referred the complaint to EEOC. On or about August 11, 1982, EEOC issued a determination finding no reasonable cause to believe that Plaintiff's charges were true.

The Court finds that the date TONEY THOMAS was discharged by FPL, November 21, 1980, is the date that the alleged unlawful practice occurred, and that Plaintiff knew or reasonably should have known that the act challenged as discriminatory occurred on that date. The parties have stipulated and the Court further finds that TONEY THOMAS did not file his discrimination charge against the Defendant with the Florida Commission on Human Relations until August 20, 1981, or 272 days after the date that the alleged unlawful practice occurred, and that EEOC did not receive the complaint until August 26, 1981, or 278 days after the date of the act challenged as discriminatory. Finally, the parties have also stipulated and the Court finds that the Florida Commission on Human Relations completed its consideration of the discrimination charge on September 14, 1981, or 297 days after the date of Plaintiff's discharge. Since there is no genuine issue as to any of the foregoing material facts, the Court concludes that this cause is ripe for decision on the legal issue in Defendant's Motion for Summary Judgment of whether Plaintiff filed a timely claim with EEOC.

It is well established that the filing of a timely charge of race discrimination with EEOC is a condition precedent to maintaining a lawsuit under Title VII of the Civil Rights Act of 1964, and Plaintiff bears the burden of proving that a challenged condition precedent has been satisfied. *Jackson v. Seaboard Coast Line*

*Railroad Company,* 678 F.2d 992 (11th Cir.1982). Title 42, United States Code, Section 2000e–5(e), which sets the specific time limitations on filing a complaint, provides in pertinent part that:

> A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred ...

Thus, while Title VII requires a claimant to file a charge with EEOC within 180 days of the act challenged as discriminatory, a limited exception is provided for in a State with a fair employment practices agency when the claimant has initially instituted a proceeding with such agency, in which case the individual would have up to 300 days to file the charge with EEOC. These time limitations begin to run from the date that the claimant knew or reasonably should have known that the alleged unlawful employment practice occurred. *Stafford v. Muscogee County Board of Education,* 688 F.2d 1383 (11th Cir.1982).

The State of Florida, with its Florida Commission on Human Relations, is such a state with an agency that has authority to grant relief from unlawful employment practices. Plaintiff initially instituted proceedings with this agency on August 20, 1981, some 272 days after he knew or reasonably should have known that the alleged discriminatory act occurred. According to the statutory provision cited above, TONEY THOMAS should therefore have had up to 300 days to file his charge with EEOC. Since EEOC received the claim within 278 days of the 300-day statutory period, it would appear, at first glance, that Plaintiff THOMAS had filed a timely charge of race discrimination with EEOC.

Defendant's argument does not end at that juncture however. Defendant strongly asserts that where a claimant fails to file a timely charge with the state agency, the extended 300-day filing period under Title VII simply does not apply. Since Florida law requires an aggrieved individual to file a claim with the Florida Commission on Human Relations within 180 days of the alleged violation, Section 23.167(10) of the Florida Statutes, and Plaintiff did not file his charge with that agency until the 272nd day, Defendant argues that TONEY THOMAS was not entitled to take advantage of the extended 300-day filing period for filing charges with EEOC.

Plaintiff, acting as his own attorney, responds by referring the Court to *Mohasco Corporation v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). In *Mohasco*, a religious discrimination in employment case, the Supreme Court discussed at length the meaning of the time limitations on filing Title VII claims in states with fair employment practices agencies, which the Supreme Court referred to as "deferral States". In two controversial footnotes, Justice Stevens examines at length the very legal issue with which this Court is faced:

"... Under the *Moore* decision (*Moore v. Sunbeam Corporation*, 459 F.2d 811 (7th Cir.1972)), which we adopt today, a complainant in a deferral State having a fair employment practices agency over one year old need only file his charge within 240 days of the alleged discriminatory employment practice in order to insure that his federal rights will be preserved. If a complainant files later than that (but not more than 300 days after the practice complained of), his right to seek relief under Title VII will nonetheless be preserved if the State happens to complete its consideration of the charge prior to the end of the 300-day period...."

*Mohasco*, 100 S.Ct. at 2491, Footnote 16. A literal interpretation of this language would appear to support Plaintiff's contention that since he filed his claim later than 240 days after his discharge, his right to

maintain this Title VII action would be preserved if the State of Florida completed its consideration of such claim before the end of the 300-day period. And since the Florida Commission on Human Relations did complete its review and did forward the charge to EEOC on September 14, 1981, a date prior to the end of the 300-day period, Plaintiff urges that his discrimination charge should be considered timely filed with EEOC. Further support for this interpretation is found in Justice Stevens' other footnote in the *Mohasco* decision which treats the issue of the extension of time for filing where an aggrieved person has initially instituted proceedings with the State agency:

"This language has been construed to require that the filing with the state agency be made within 180 days. *Olson v. Rembrandt Printing Co.*, see n. 16, *supra* [511 F.2d 1228 (8th Cir.1975)]. Although that construction is consistent with the general rule announced at the beginning of § 706(e), and is supported by one Congressman's understanding of the procedures at the time of the 1972 amendment to that section, see 1972 Leg. Hist.1863 (remarks of Rep. Dent), Congress included no express requirement that state proceedings be initiated by any specific date in the portion of the subsection that relates to time limitations in deferral States. Further, there are contemporaneous indications in the legislative history, which, while not authoritative, contradict Representative Dent's views. [Citations omitted.]

In any event, we do not believe that a court should read in a time limitation provision that Congress has not seen fit to include, see *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402, at least when dealing with 'a statutory scheme in which laymen, unassisted by trained lawyers initiate the process.'

*Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679. In contrast to the construction of the statute we adopt today, the *Olson* approach,

urged upon us by petitioner and *amici,* is not compelled by the plain meaning of the statutory language."

*Mohasco,* 100 S.Ct. at 2492, Footnote 19. In a Reply to Plaintiff's Memorandum, Defendant FPL argues that Plaintiff's reliance on the Supreme Court decision in *Mohasco* is misplaced, because in *Mohasco* the claimant initiated proceedings with the state agency within the state limitations period and the Court was not required to decide whether a claimant's failure to file a timely complaint with the state agency would preclude the applicability of the extended 300-day filing period under Title VII. In *Lowell v. Glidden-Durkee, Div. of SCM Corp.,* 529 F.Supp. 17 (N.D.Ill.1981), District Judge Getzendanner found that although a literal reading of the cited language in *Mohasco* supported the contention that all claimants in deferral States could use the extended filing period, regardless of any compliance with state filing periods, this was not the result that the Supreme Court intended:

> "To rule in plaintiff's favor would be to rule that any plaintiff in a deferral state becomes entitled to the extended filing period simply by filing a charge with the state agency, even though that charge is without any significance because it is time barred. Such a result flies in the face of the purpose behind the extended filing period, which is to allow state agencies the initial opportunity to consider and resolve employment discrimination charges.

> \*   \*   \*   \*   \*   \*

*Mohasco* carves out an exception to the 180-day limitation period: where the state filing period exceeds 180 days, plaintiffs do get extra time in which to bring charges. This, however, is in furtherance of the purpose behind the deferral provision—to give state agencies the first chance to deal with employment discrimination. Where a plaintiff has precluded state review by failing to file timely state charges, and where the state gives such plaintiff at least 180 days to initiate state proceedings, there is no jus-

tification for allowing the plaintiff an extended filing period."

*Lowell* at 25–26. Despite the logic of such analysis, there is obviously a difference of opinion when it comes to interpreting *Mohasco*. As Judge Getzendanner points out, at least three other circuits have ruled, based on the language in *Mohasco,* that the extended filing period applies to all claimants in deferral States, regardless of whether they file their charges with the state agencies in timely fashion. *Ciccone v. Textron, Inc.,* 651 F.2d 1 (1st Cir.1981), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981); *Ewald v. Great Atlantic & Pacific Tea Co.,* 644 F.2d 884 (6th Cir.1981); *Davis v. Calgon Corp.,* 627 F.2d 674 (3d Cir.1980). The Eleventh Circuit and the Fifth Circuit have not yet spoken on this precise legal issue.

■■■ Despite the wording of 42 U.S.C. § 2000e–5(e) and the footnotes in *Mohasco* and despite the fact that the First, Third, and Sixth Circuits have all interpreted *Mohasco* to allow the extended filing period to apply to all claimants in deferral States regardless of whether their charges are timely filed, this Court finds itself compelled to agree with the logic of the *Lowell* opinion and interprets *Mohasco* to mean that claimants in deferral States with state filing periods exceeding 180 days are entitled to extended periods for filing with EEOC in order to give the state agencies the first opportunity to resolve the employment discrimination charges. However, in deferral States with state filing periods of 180 days or less, it would be illogical to grant claimants an extended filing period with EEOC where their claims were not timely filed with the State, just because they initially instituted proceedings with the appropriate state agency before filing with EEOC. Requiring such claimants to file first with a state agency which could grant them no relief because their complaints were not timely would be a meaningless gesture. This Court concludes and holds that in order for a claimant to be entitled to the extended filing period of 300 days in a deferral State like Florida, such

claimant must institute proceedings with the state agency within the state filing period. In Florida, the filing period is 180 days. TONEY THOMAS did not file his charge for 272 days. Applying the Court's holding to these facts, Plaintiff was not entitled to the extended 300-day filing period and his complaint was not, therefore, timely filed with EEOC.

The Court having reviewed the record in this cause, having carefully considered the memoranda submitted by the parties and the applicable law, having determined that Plaintiff has not carried his burden of proving that the challenged condition precedent has been satisfied, and being otherwise fully advised in these matters, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED. Final Summary Judgment is hereby GRANTED in favor of Defendant FPL, as Plaintiff's claim with EEOC was not timely filed.