**Michael E. MENNOR,**
**Plaintiff-Appellee,**

v.

**The FORT HOOD NATIONAL BANK,**
**Defendant-Appellant.**

**No. 86–1595.**

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1987.

Carolyn Barefield Luedke, A.J. Harper, II and Peter Bennett, Houston, Tex., for defendant-appellant.

Jon R. Ker, Hewitt, Tex., for plaintiff-appellee.

Before GEE, JOHNSON, and HILL, Circuit Judges.

JOHNSON, Circuit Judge:

The defendant Fort Hood National Bank appeals from an adverse judgment in this Title VII case. The plaintiff Michael E.

Mennor filed his charge with the Equal Employment Opportunity Commission within the 300–day filing period of 42 U.S.C. § 2000e–5(e). The 300–day filing period is available for cases in which state or local agency proceedings have been instituted. This appeal principally presents the question whether this 300–day period applies whether or not these other proceedings are timely instituted under state or local law. We hold that the 300–day filing period applies regardless and affirm the district court's judgment.

## I. *Facts and Procedural History*

Plaintiff Michael E. Mennor's employment with the defendant Fort Hood National Bank came to an end on June 23, 1983. Mennor spoke by telephone about the matter to the Dallas office of the Equal Employment Opportunity Commission (EEOC) and then pursuant to the EEOC's instructions addressed a letter dated August 10, 1983, to that office. In the letter, Mennor charged that the Bank had terminated Mennor's employment in retaliation for Mennor's opposition to the Bank's discriminatory treatment of Hispanic employees. The EEOC eventually responded by sending Mennor a questionnaire. Shortly after his receipt, Mennor returned the completed questionnaire on February 10, 1984. The EEOC then prepared a charge of employment discrimination for Mennor. He signed this charge and returned it to the EEOC, which received the charge on March 29, 1984. The following day, March 30, 1984, the EEOC transmitted the charge to the Texas Commission on Human Rights. On April 8, 1984, however, the EEOC issued a notice stating that the Texas Commission on Human Rights had waived its jurisdiction and that the EEOC would therefore process Mennor's charge. In due time, Mennor received a right-to-sue letter from the EEOC and then filed the present suit in federal district court.

In his complaint, Mennor asserted a claim under Title VII of the Civil Rights Act of 1964, Pub.L. No. 88–352, 78 Stat. 241 (as amended), as well as other claims. The district court dismissed Mennor's other claims. Thereafter, following a bench trial, the district court found in Mennor's favor on the Title VII claim. In its judgment, the district court awarded back pay, an attorney's fee, and costs. The Bank appeals.

## II. *Discussion*

### A.

Title VII provides that an unlawful employment practice charge shall be filed with the EEOC

> within *one hundred and eighty days* after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within *three hundred days* after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier.[1]

When the unlawful termination of Mennor's employment occurred on June 23, 1983, there was no state or local agency with authority to grant or seek relief from the practice under which Mennor had suffered. Thus, Mennor had 180 days to file his charge with the EEOC. Shortly after the June 23 termination, however, Texas created the Texas Commission on Human Rights (TCHR).[2] The Texas act creating the TCHR was effective September 23, 1983.[3] The parties and the district court agree that the TCHR qualified as an agen-

---

1. 42 U.S.C. § 2000e–5(e) (emphasis supplied).

2. *See* Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987).

3. Commission on Human Rights Act, ch. 7, § 10.06, 1983 Tex.Sess.Law Serv. 37, 58 (Vernon).

cy with authority to grant or seek relief from the unlawful employment practice under which Mennor had suffered. Thus, once the TCHR had come into existence, Mennor could qualify for the 300–day period instead of the 180–day period by instituting proceedings with that state agency. The EEOC did transmit Mennor's March 29 charge to the TCHR on March 30, 1984, and the parties and the district court have treated this transmittal as the institution of proceedings with the TCHR within the meaning of 42 U.S.C. § 2000e–5(e).[4] Shortly after the March 30 institution of TCHR proceedings, the EEOC issued its notice stating that the TCHR had waived its jurisdiction and that the EEOC would process Mennor's charge. The waiver of jurisdiction terminated the TCHR proceedings, and the EEOC apparently treated Mennor's charge as thereafter automatically filed with the EEOC.[5] This automatic filing took place at the latest on April 8, 1984, when the EEOC issued its notice. Finally, the April 8 filing was "within three hun-

dred days after"[6] the termination of Mennor's employment on June 23, 1983.[7]

Before the district court, the defendant Bank resisted the above timeliness analysis by moving to dismiss the Title VII claim on the singular ground that Mennor's March 30 institution of TCHR proceedings was untimely under state law.[8] The Bank contended that the 300–day period of 42 U.S.C. § 2000e–5(e) was available only when the institution of state or local proceedings is timely under state or local law. The district court rejected the contention, and the Bank now renews it before this Court.

■ Mennor opposes the Bank's contention first by arguing in favor of the district court's ruling and second by arguing that his August 10 letter to the EEOC constituted a filing within the 180–day period of 42 U.S.C. § 2000e–5(e), even without resort to that subsection's 300–day period. Moreover, this asserted August filing took place before the creation of the TCHR and thus before any duty to file with the state agen-

---

4. *See generally Mohasco Corp. v. Silver,* 447 U.S. 807, 815–17, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 764 n. 11, 99 S.Ct. 2066, 2075 n. 11, 60 L.Ed.2d 609 (1979); *Love v. Pullman Co.,* 404 U.S. 522, 525–26, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972); *Deyo v. City of Deer Park,* 664 F.2d 518, 520–23 (5th Cir.1981).

5. *See generally Mohasco Corp.,* 447 U.S. at 817, 100 S.Ct. at 2492–93; *Oscar Mayer & Co.,* 441 U.S. at 765 n. 13, 99 S.Ct. at 2076 n. 13.

6. 42 U.S.C. § 2000e–5(e). The three-hundredth day is the appropriate measure under 42 U.S.C. § 2000e–5(e) in the present case because that day is "earlier" than "thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law."

7. Another subsection of 42 U.S.C. § 2000e–5 provides that "no charge may be filed" with the EEOC
   before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to *one hundred and twenty days* during the first year after the effective date of such State or local law.
   42 U.S.C. § 2000e–5(c) (emphasis supplied). A complainant such as Mennor cannot be sure that the state or local proceeding will be "earlier

terminated," *id.,* and yet must be certain to file with the EEOC within the 300–day period of subsection 2000e–5(e). For these reasons, the Supreme Court has explained:
   In a State with a fair employment practices agency less than one year old, ... a complainant must file within 180 days in order to be sure that his federal rights will be preserved, since the EEOC must defer consideration during proceedings before such a new agency for up to 120 days.
   *Mohasco Corp.,* 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16.
   Mennor's March 30 institution of TCHR proceedings was not within 180 days of the June 23 termination. Mennor had good fortune, however, because the TCHR proceedings were "earlier terminated," 42 U.S.C. § 2000e–5(c), at the latest on April 8, 1984, which permitted Mennor's filing on that same day with the EEOC within the 300-day period of 42 U.S.C. § 2000e–5(e). *See* Smith v. Oral Roberts Evangelistic Ass'n, 731 F.2d 684, 687 (10th Cir.1984).

8. *See* Tex.Rev.Civ.Stat.Ann. art. 5221k sec. 6.01(a): "A person claiming to be aggrieved by an unlawful employment practice, or that person's agent, may file with the [TCHR] a complaint.... A complaint ... must be filed within 180 days after the date the alleged unlawful employment practice occurred; untimely complaints shall be dismissed by the [TCHR]."

cy came into being.[9] We do not reach Mennor's second argument concerning the August 11 letter because we uphold the district court's ruling and now formally adopt for this Circuit the rule of a growing number [10] of circuits: The 300–day filing period of 42 U.S.C. § 2000-5(e) for cases in which state or local agency proceedings have been instituted applies whether or not these other proceedings are timely instituted under state or local law.[11]

### B.

The Bank also makes a diffuse challenge to the district court's allowance of certain costs, specifically its allowance of costs for general copying ($104.00), taking depositions ($1,153.15), attorney postage ($17.62), attorney long distance telephone use ($73.33), and attorney mileage ($256.25). The Bank makes no challenge to the dis-

trict court's allowance of an attorney's fee.[12] Review of an allowance of costs is narrow.[13] The appellate court may test the district court's discretionary power to allow certain costs.[14] An allowance of costs within that power is reviewable only for abuse of discretion.[15]

Section 1920 of Title 28 authorizes the district court to tax as costs certain enumerated expenses. Federal Rule of Civil Procedure 54(d) in turn provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has held that section "1920 defines the term 'costs' as used in Rule 54(d)." [16] This Court has determined that the costs of general copying [17] and taking depositions[18] are among the expenses enumerated in 28 U.S.C. § 1920.

**9.** *See supra* note 7.

**10.** *See Thomas v. Florida Power and Light Co.,* 764 F.2d 768, 771 (11th Cir.1985) (collecting cases); *see also Maurya v. Peabody Coal Co.,* 823 F.2d 933, 935 (6th Cir.1987); *EEOC v. Shamrock Optical Co.,* 788 F.2d 491, 493–94 (8th Cir.1986); *Seredinski v. Clifton Precision Prods. Co., a Div. of Litton Sys., Inc.,* 776 F.2d 56, 62 (3d Cir.1985).

**11.** We therefore do not decide whether Mennor's TCHR proceedings were untimely instituted under state law as the Bank contends or whether some equitable ground exists under state law for treating these proceedings as timely or further whether the TCHR must itself invoke untimeliness under state law before a federal court may rely upon this ground for denying relief.

**12.** *See* 42 U.S.C. § 2000e-5(k): "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

**13.** *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363 (5th Cir.1983) (quoting *In re Nissan Antitrust Litig.,* 577 F.2d 910, 918 (5th Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979)).

**14.** *See United States v. City of Twin Falls,* 806 F.2d 862, 876 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987); *Gottlieb v. Tulane Univ.,* 809 F.2d 278, 284–85 (5th Cir.1987); *International Woodworkers v. Champion Int'l Corp.,* 790 F.2d 1174, 1183 (5th Cir.1986) (en banc) (Rubin, J., concurring in result), *aff'd sub nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.,* —— U.S. ——, 107 S.Ct. 2494,

96 L.Ed.2d 385 (1987); *Dowdell v. City of Apopka,* 698 F.2d 1181, 1188 (11th Cir.1983); 6 J. Wm. Moore, W.J. Taggart & J.C. Wicker, Moore's Federal Practice ¶ 54.77[1], at 54–411 (2d ed. 1948 1987 printing).

**15.** *Curtis v. Bill Hanna Ford, Inc.,* 822 F.2d 549, 553 (5th Cir.1987); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128, 132 (5th Cir.1983); *see McDonald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Cir.1984) ("apparent abuse of discretion"); *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1551 (5th Cir.1984) ("'clear abuse'" of discretion) (quoting *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 637 (5th Cir.), *cert. denied,* 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971)).

**16.** *Crawford Fitting Co.,* 107 S.Ct. at 2497.

**17.** *Nissho-Iwai Co.,* 729 F.2d at 1553; *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 n. 5 (5th Cir. Unit B 1982); *Scroogins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976).

**18.** *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982), *modified on other grounds,* 701 F.2d 542 (5th Cir.1983) (en banc), *overruled on other grounds, International Woodworkers,* 790 F.2d 1174 (5th Cir.1986), *aff'd sub nom. Crawford Fitting Co.,* —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Allen,* 665 F.2d at 697; *United States v. Kolesar,* 313 F.2d 835, 837–38 (5th Cir.1963); *see Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1323 n. 6 (5th Cir.1978), *overruled on other grounds, Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983).

■ The remaining costs at issue here, sometimes called an attorney's out-of-pocket costs, are apparently not included in the enumeration of 28 U.S.C. § 1920.[19] In the present case, however, section 1920 was not the sole source of the district court's power to allow costs. Also available to the court was the power supplied by 42 U.S.C. § 2000e–5(k) to allow costs. The court clearly exercised this supplemental power to allow an attorney's fee as costs. The general language[20] in a statute such as 42 U.S.C. § 2000e–5(k) may not be interpreted to authorize what is disallowed by the specific language of 28 U.S.C. § 1920.[21] As noted, however, section 1920 does not regulate out-of-pocket attorney costs. On the other hand, section 2000e–5(k) has been interpreted to include the power " 'to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.' "[22]

The district court therefore had the discretionary power to allow the costs at issue here.

In exercising that power, the district court made an express finding of fact[23] that the costs were "reasonable and necessary and related only to the successful prosecution of Plaintiff's Title VII suit." There is support in the record for this finding. The Bank has not shown an abuse or clear abuse of discretion.

### C.

Finally, the Bank challenges certain district court findings of fact on the merits of Mennor's Title VII claim. Suffice it to say that there is adequate support in the record to uphold these findings under the clear error standard.[24]

### III. *Conclusion*

We uphold the district court's ruling on the timeliness under 42 U.S.C. § 2000e–5(e)

**19.** Unless, possibly, when incurred in connection with an expense enumerated in 28 U.S.C. § 1920. *Cf. Gerber v. Stoltenberg,* 394 F.2d 179, 179 (5th Cir.1968).

**20.** *Infra* note 12.

**21.** *See International Woodworkers,* 790 F.2d at 1180–81. *But cf. Crawford Fitting Co.,* 107 S.Ct. at 2499 (Blackmun, J., concurring), 2500 n. 1 (Marshall, J., dissenting) (language suggesting the Fifth Circuit passage relied upon here to be dictum).

**22.** *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4, 11 n. 42, 30 (D.C.Cir.1984) (quoting *Northcross v. Board of Educ.,* 611 F.2d 624, 639 (6th Cir. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980)), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985); *see also Curtis,* 822 F.2d at 550, 553; *Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240, 1241, 1244–45 (9th Cir.1982), *vacated on other grounds,* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983); *United States v. Terminal Transp.,* 653 F.2d 1016, 1021 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1613, 71 L.Ed.2d 849 (1982); *Dominic v. Consolidated Edison Co. of New York,* 652 F.Supp. 815, 822–23 (S.D.N.Y. 1986) (case under Age Discrimination in Employment Act of 1967 (ADEA), Pub.L.No. 90–202, 81 Stat. 602 (as amended)); *Monroe v. United Air Lines, Inc.,* 565 F.Supp. 274, 280 (N.D. Ill.1983) (ADEA case); *Greenspan v. Automobile Club,* 536 F.Supp. 411, 413–14 (E.D.Mich.1982); *Vulcan Soc'y of Westchester County, Inc. v. Fire Dep't,* 533 F.Supp. 1054, 1067 (S.D.N.Y.1982); *Parker v. Califano,* 443 F.Supp. 789, 794 (D.D.C.

1978); *Combes v. Griffin Television, Inc.,* 421 F.Supp. 841, 847 (W.D.Okla.1976) (ADEA case); *Payne v. Travenol Laboratories, Inc.,* 74 F.R.D. 19, 21, 23 (N.D.Miss.1976); *Barth v. Bayou Candy Co.,* 379 F.Supp. 1201, 1205 (E.D.La.1974); *Davis v. County of Los Angeles,* 8 Empl.Prac.Dec. (CCH) ¶ 9444, at 5048 (C.D.Cal.1974); *Peters v. Missouri-Pacific R.R.,* 3 Empl.Prac.Dec. (CCH) ¶ 8274, at 6927–28 (E.D.Tex.1971), *aff'd,* 483 F.2d 490 (5th Cir.), *cert. denied,* 414 U.S. 1002, 94 S.Ct. 356, 38 L.Ed.2d 238 (1973); *see generally Webster v. M/V Moolchand, Sethia Liners, Ltd.,* 730 F.2d 1035, 1040 (5th Cir.1984); *Dowdell,* 698 F.2d at 1189 n. 12; *Miller v. Carson,* 628 F.2d 346, 349 (5th Cir.1980); *Gates v. Collier,* 616 F.2d 1268, 1270, 1279 & n. 17 (5th Cir.1980), *reh'g granted on other grounds,* 636 F.2d 942 (5th Cir.1981); *Gates v. Collier,* 559 F.2d 241, 244 (5th Cir.1977); *Fairley v. Patterson,* 493 F.2d 598, 607 n. 11 (5th Cir.1974); *Loewen v. Turnipseed,* 505 F.Supp. 512, 517–19 (N.D.Miss.1980); *Crowe v. Lucas,* 479 F.Supp. 1258, 1262–63 (N.D.Miss.1979); *Guajardo v. Estelle,* 432 F.Supp. 1373, 1388 (S.D.Tex.1977), *aff'd in part and rev'd on other grounds in part,* 580 F.2d 748 (5th Cir.1978).

**23.** *See Curtis,* 822 F.2d at 553; *Studiengesellschaft Kohle mbH,* 713 F.2d at 133; *Chore-Time Equip., Inc. v. Cumberland Corp.,* 713 F.2d 774, 782 (Fed.Cir.1983); *Carpa, Inc.,* 567 F.2d at 1323.

**24.** *See generally Pullman-Standard, a Div. of Pullman, Inc. v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).

of Mennor's filing with the EEOC, the court's allowance of costs, and its findings of fact. The judgment of the district court is therefore

AFFIRMED.

GEE, Circuit Judge, concurring:

I concur in the Court's opinion and judgment, although—were I writing upon a clean slate—I would not. Chief Judge Roney, of the Eleventh Circuit, expresses my views exactly:

The district court noted that because the EEOC received the claim within the 300–day period, "it would appear, at first glance, that Plaintiff ... had filed a timely charge of race discrimination with EEOC." 595 F.Supp. 148 at 150. The court then held, however, that because the state had a 180–day limitation period for bringing discrimination complaints, and because plaintiff did not file within that period, the extended 300–day filing period did not apply.

It seems to us that a sound argument can be made to support the district court's decision. The whole purpose of deferral of federal action is to ensure that a state or local agency will have priority in answering a claim, by giving "state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed.2d 532 (1980).

To require the institution of proceedings with a state or local agency with authority to grant relief as a condition to getting the extended 300 days, but not require plaintiff to institute those proceedings within the state's limitation period, defeats the purpose of deferral. Obviously, filing an untimely claim with a state or local agency is a meaningless gesture because the agency does not have authority to grant relief on an untimely claim.

Whatever the merits of that and other arguments to support the district court's decision, however, there is more merit in having federal courts follow the same course in cases of this kind in order to establish country-wide uniformity in the application of merely regulatory statutes and regulations. With no underlying ideological principles involved, the courts should not unnecessarily conflict on the application of regulatory laws such as the one at issue here. The Congress or administrative agency can readily change the rules if interpreted wrongly. In the meantime, all citizens are required to follow the same rules.

*Thomas v. Florida Power and Light Co.,* 764 F.2d 768, 771 (11th Cir.1985).

The Court gives no reason for adopting the rule that it selects except that it is the rule of a growing number of circuits. In my view, the rule trivializes the deferral mechanism, which must have been meant to have some significance or it would not have been devised and put in place. As Chief Judge Roney notes, however, this is one of those relatively uncommon situations in which it is more important to have one rule than it is to have the right one. Thus, although I think the rule the wrong one, I concur in its adoption.