Legault v. aRusso                    CV-93-365-B    05/16/96

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Michelle Legault

    v.                                    R.I. Civ. No. 93-CB-243-P

Ralph aRusso, et a.                       N.H. Civ. No. 93-365-B


**O R D E R**

    I signed a consent order on April 5, 1995, awarding Michelle Legault judgment against the Town of Johnston on her claims alleging violations of 42 U.S.C.A. § 2000e et seq. (Title VII), 42 U.S.C.A. § 1983, R.I. Gen. Laws 22-5-1 et seq., and R.I. Gen. Laws 42-112-1 et seq.  In an order dated March 29, 1996, I reviewed a fee petition submitted by attorney Ina P. Schiff, and awarded $154,393.75 in attorney's fees.  I denied without prejudice Attorney Schiff's request for $26,968.71 for expenses and costs because she failed to state which were costs to which she is entitled under 28 U.S.C.A. § 1920 and which were out-of-pocket expenses to which she is entitled as attorney's fees under 42 U.S.C.A. § 2000e-5(k).  Furthermore, several of the items in Attorney Schiff's fee petition summary were not supported by the original records she submitted.

I gave Attorney Schiff ten days to file a properly organized and supported request for expenses and costs.  In her current request, to which defendants do not object, she requests costs under 28 U.S.C.A. § 1920 totalling $6,646.10, $8,950 in expert fees, and an unspecified amount in out-of-pocket expenses.

**1.   Costs Under § 1920**

Under § 1920 and Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to the following costs:

(1)  Fees of the clerk and marshal;
(2)  Fees of the court reporter . . .;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

To receive § 1920 costs, the prevailing party must submit a bill of costs or a substantially similar document itemizing the taxable costs and an affidavit attesting that the costs are "correct and [were] necessarily incurred in the case and that the services for which fees [were] charged were actually and necessarily performed."  28 U.S.C.A. § 1924 (West 1994).  <u>See also</u> <u>Rhode Island Rules of Court, District Court Civil Rule 54(e)(1)</u>.  Attorney Schiff substantially complied with these

requirements, therefore I award her $6,646.10 in costs under § 1920.

## 2. Expert Fees and Out-of-Pocket Expenses

Under 42 U.S.C.A. 2000e-5(k), a party prevailing on a claim of discrimination under § 2000e is entitled to reasonable attorney's fees. In addition to the attorneys' time charges, "attorney's fees" includes expert fees and other out-of-pocket expenses that an attorney would normally charge to a client. Mennor v. Fort Hood Nat. Bank, 829 F.2d 553, 556 (5th Cir. 1987) (collecting cases); see also Palmigiano v. Garrahy, 707 F,2d 636, 637 (1st Cir. 1983) (in § 1983 action, district court properly awarded reimbursement for attorneys' lodging, parking, food, and telephone expenses as part of "attorney's fees" under 42 U.S.C.A. § 1988 (West 1994)).

Where, as here, public funds are at stake, "the court has a duty to consider the application critically to ensure overall fairness - a duty that abides even when a fee target is slipshod in its opposition to a fee application." Foley v. City of Lowell, Mass., 948 F.2d 10, 19 (1st Cir. 1991). I have a great deal of discretion in my determination of the fee award. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). The First Circuit,

3

however, has "painstakingly delineated the documentary preconditions to fee awards, requiring litigants to submit a 'full and specific accounting' of the tasks performed, the dates of performance, and the numbers of hours spent on each task." Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 527 (1st Cir. 1991); see also Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984) ("the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award, or, in egregious cases, disallowance").

While Attorney Schiff correctly notes that the First Circuit has expressly applied these standards only to an attorney's time charges, I see no reason why the documentary requirements for expenses should be any less stringent. Furthermore, by including expenses under the term "attorney's fees," the First Circuit has implicitly determined that expense requests should be subject to the same standards that govern other fee requests. See Weinberger, 925 F.2d at 521 n.3. Attorney Schiff argues that the contemporaneous record requirement is practically impossible to meet with respect to records for expenses because expenses are often incurred long before the attorney receives a bill for the expenses. While this may well be true in certain instances,

4

Attorney Schiff has failed to explain why an attorney could not support her expense request either with copies of the bills for which reimbursement has been sought or with other similar evidence demonstrating that the expense was actually incurred. Therefore, I hold that the requirement of contemporaneity may be satisfied through the submission of specific records, e.g. canceled checks or receipts, created when the expenses were either billed or paid.

Applying these principles to Attorney Schiff's request, I grant the fee request in part. Attorney Schiff seeks to recover $8,950 in expert fees: $3,800 for Norman Bedard, $1,350 for Walter Freiberger, $2,150 for Paul Davis, and $1,650 for Robin Herbison. However, the contemporaneous records she submitted in support (Exhibit C) show only payments of $2,109.25 to Paul Davis and $1,037.40 to Norman Bedard. To the extent that Attorney Schiff attempts to rely on a summary of expenses created for purposes of her fee request long after the expenses were incurred, that summary is insufficient because it does not qualify as a contemporaneous record. Further, I have not attempted to review Attorney Schiff's original time records that she submitted in response to my prior order because such an effort would be unduly burdensome, and Schiff has failed to

5

comply with my prior order directing her to submit separate records supporting her expense request. Therefore, I award Attorney Schiff $3,146.65, the sum of the expert fees for which she has submitted documentary support.

Attorney Schiff does not state the amount she requests for out-of-pocket expenses, but merely resubmits the voluminous computerized summary (Exhibit B) she created from other records and submitted with her previous fee request. She does not state whether this summary includes the costs for which she has already charged under § 1920 and expert fees. Furthermore, as I stated in an earlier order, the contemporaneous records Attorney Schiff submitted previously do not entirely correspond to her fee summary, and her disorganized current submissions do not fill in the gaps. Because her request for other out-of-pocket expenses is vague and unsupported by contemporaneous records, I deny it completely.

In sum, I award Attorney Schiff $6,646.10 in costs pursuant to § 1920 and $3,146.65 in expert fees pursuant to § 2000e-5(k). These fees and costs are to be paid to Attorney Schiff by the Town of Johnston.

## **CONCLUSION**

For the foregoing reasons, the <u>Supplemental Petition of Michelle Legault for Award of Attorney's Fees and Costs</u>, (document no. 182) is granted in part and denied in part.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 16, 1996

cc:  Ina P. Schiff, Esq.
     Henry P. Spaloss, Esq.
     Jeffrey S. Michaelson, Esq.
     Sanford H. Gorodetsky, Esq.
     Milan T. Azar, Esq.
     Raymond F. Burghardt, USDC-RI