IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30430
Summary Calendar
_____

VYRON L. BROWN,

                                        Plaintiff-Appellant,

versus

CITY OF SHREVEPORT; RON ADAMS; RAMON LAFFITTE;
TERRI SCOTT; LILLIAN PRIEST; KEITH HIGHTOWER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-270
--------------------
December 4, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Vyron Brown has filed an appeal of the summary-judgment dismissal of his pro se civil suit against the City of Shreveport and four of its employees.  We review the district court's grant of a summary judgment de novo.  Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998).

    Although he lists 18 separate issues for appeal, Brown has failed to adequately brief many of those issues.  Liberally

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construing Brown's brief, Brown has adequately briefed the following issues for appeal:  (1) that the district court erred in dismissing his Title VII claims; (2) that the court erroneously determined that he had not established a prima facie case of racial discrimination in connection with the denial of his application as a contractor; and (3) that the court should not have considered the affidavit of Angelita Jackson in rejecting his claim involving the City's failure to hire him for the position of plans examiner.  To the extent that Brown intended to raise any issues other than those listed above, we conclude that Brown waived those arguments by failing to adequately brief them on appeal.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The defendants assert that the only issue before the Court is Brown's claim that he was racially discriminated and retaliated against by the City in his application for the plans examiner position.  They argue that Brown's other arguments are not properly before this court because Brown failed to appeal the prior dispositive rulings of the district court.

"It is a well-settled rule of law that an appeal from a final judgment raises all antecedent issues previously decided." Exxon Corp. v. St. Paul Fire and Marine Ins. Co., 129 F.3d 781, 784 (5th Cir. 1997).  "Thus, once a final judgment is entered, all earlier non-final orders affecting that judgment may properly

be appealed."  Id.; see also New York Life Ins. Co. v. Deshotel,
142 F.3d 873, 884 (5th Cir.  1998).  Moreover, in his notice of
appeal, Brown specifically referred to each of the district
court's rulings he sought to appeal.  See Fed. R. App. P.
3(c)(1)(B).  Thus, the defendants' contention is incorrect.

Brown argues that the district court erroneously dismissed
his Title VII claims based on a finding that he had failed to
file timely charges of discrimination with the Equal Employment
Opportunity Commission (EEOC).  He argues that the violations he
alleged were "continuous violations;" therefore, his charges were
timely filed with the EEOC.

As a precondition to filing suit in the district court,
Brown was required to file charges with the EEOC within 300 days
after the alleged incident of racial discrimination.  42 U.S.C.
§ 2000e-5(e)(1); see Mennor v. Fort Hood Nat'l Bank, 829 F.2d
553, 554-55 (5th Cir. 1987).  The "continuing violation theory"
relieves a plaintiff of this requirement if he can show a series
of related acts, one or more of which fall within the limitations
period.  Celestine v. Petroleos de Venezuela SA, 266 F.3d 343,
351-52 (5th Cir. 2001).  However, in order to avail himself of
the continuing violation theory, Brown must show "an organized
scheme leading to and including a present violation, such that it
is the cumulative effect of the discriminatory practice, rather
than any discrete occurrence, that gives rise to the cause of
action."  Id. (internal quotations and citation omitted).  A one-

time employment event, including the failure to hire, is "the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued." Id. Thus, it cannot be saved by the continuing violation doctrine. Id. The City's rejection of Brown's contractor application was the sort of "discrete occurrence" that falls outside of the continuing violation doctrine. See Celestine, 266 F.3d at 351-52. Although Brown asserts that both the rejection of the contractor application and the City's failure to hire him as a plans examiner were made by the "same people" in the "same department" about one year apart, such does not establish an "organized scheme" that would allow him to proceed under the continuing violation theory. Id. The district court did not err by dismissing the claim based on Brown's failure to file timely charges with the EEOC. See Mennor, 829 F.2d at 554-55.

Brown next argues that the district court erred by accepting the City's assertion that his poor performance in the original painting project was a reason for the denial of his application as a contractor for the NRP. He argues that the poor performance was an allegation, not a fact; therefore, to use it as a fact was a violation of due process.

The district court did not reject Brown's discrimination claim based on the City's assertion of a prior poor performance. Rather, the court determined that Brown had offered nothing more than conclusory allegations in support of his discrimination

claim, and thus had failed to establish a prima facie case. The district court referenced Brown's poor performance only after it assumed, arguendo, that Brown had set forth a prima facie case. Accordingly, we decline to consider Brown's argument.

Finally, Brown argues that with respect to the court's dismissal of his claim of a retaliatory motive in the City's failure to hire him as a plans examiner, the affidavit offered by Angelita Jackson was "not proper before the court, was illegally entered into the court records, and contains false statements." Brown argues that the motion to supplement was granted in violation of a local rule which gave him 15 days to oppose a motion.

Under Fed. R. Civ. P. 56(e) "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Jackson's affidavit comported with the requirements of Fed. R. Civ. P. 56(e). Moreover, although Brown arguably did not have 15 days to oppose the motion to supplement, such procedural irregularity did not amount to a violation of due process. Compare New York Life Ins. Co. v. Brown, 84 F.3d 137, 142-43 (5th Cir. 1996)(litigant who did not receive notice of an impending grant of summary judgment was denied due process of law). The judgment of the district court is AFFIRMED.