# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2019

Lyle W. Cayce
Clerk

No. 19-10037
Summary Calendar

LARRY OWENS,

      Plaintiff–Appellant,

v.

DALLAS COUNTY COMMUNITY COLLEGE DISTRICT,

      Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-cv-03162-S

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:*

      Larry Owens sued his former employer, Dallas County Community College District, under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (the ADA), 42 U.S.C. § 1983, and various state laws. The district court dismissed the action. Owens appeals only the dismissal of his Title VII and ADA claims. We affirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10037

**I**

Dallas County Community College District (the District) is a Junior College District formed under the Texas Constitution. Brookhaven College, one of the colleges comprising the District, employed Owens as an Instructional Support Associate. He began as a part-time employee and later became a full-time employee.

According to Owens's complaint, he began a close personal relationship with Lauri Collins, a faculty member at Brookhaven College, shortly before he became a full-time employee. Owens alleges that Collins wanted a more physical relationship, but he refused, and Collins acted out against him as a result. In particular, he alleges that Collins began to use her position as a faculty member to make his life at work difficult.

In September 2005, Owens was involved in a major accident while riding his motorcycle. The accident left him immobilized in bed for an extended period of time. When Owens was able to return to work, he claims that Collins took additional actions against him. Owens alleges that after a series of escalating incidents, his psychologist instructed him to stay away from work, and Owens went on Family and Medical Leave. Owens claims that he sought accommodations that would allow him to return, such as being transferred to another department where he would not be supervised by Collins. The District terminated Owens's employment on May 23, 2011.

Owens sought recourse first through the Equal Employment Opportunity Commission (EEOC). Owens reportedly first apprised the EEOC of his position in a letter dated August 12, 2011. The letter relates the details of the incidents alleged above and concludes, "I have now been terminated as a direct result of my request to be placed under the supervision of someone other than Lauri Collins." It is signed but not sworn. However, in his briefing

2

before this court, Owens does not rely on the letter dated August 12, 2011, as being a timely charge that he filed with the EEOC.

Owens relies on an EEOC intake questionnaire that he completed on October 21, 2011. The questionnaire indicates that Owens was subject to harassment by Collins in 2005 because of his motorcycle injuries. It does not reference his termination.

The EEOC sent a letter to Owens's attorney on September 14, 2012. The letter indicated that it was in response to "your recent written correspondence or intake questionnaire." The letter instructed Owens to complete a formal Charge of Discrimination and return it to the EEOC. It also instructed Owens to "[s]ign and date the charge in the bottom left hand block . . . . For purposes of meeting the deadline for filing a charge, the date of your client's original signed document will be retained as the original filing date." The record does not reveal which document was the "recent written correspondence or intake questionnaire" identified in the letter.

The EEOC received Owens's formal Charge of Discrimination on October 17, 2012. After a lengthy EEOC investigation, Owens sued his former employer in Texas state court, asserting various state and federal causes of action. The District removed the case to the United States District Court for the Northern District of Texas. The district court dismissed Owens's state law and 42 U.S.C. § 1983 claims as barred by governmental immunity. However, the district court did not dismiss the Title VII and ADA claims, and instead required Owens to file an amended complaint to correct deficiencies.

This case arrives before us after the district court dismissed Owens's second amended complaint for failure to state a claim upon which relief can be granted. The district court concluded that Owens had not alleged when the EEOC received his letter dated August 12, 2011, and the questionnaire only contained time-barred claims. Owens filed a motion for new trial or to amend

No. 19-10037

the judgment under Federal Rule of Civil Procedure 59, which the district court denied. Owens appeals the order dismissing his claims, arguing that he filed a charge with the EEOC within the limitations period.

## II

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo.[1] A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2] The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[3] However, "we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[4]

To bring a claim under Title VII and the ADA, a plaintiff must first exhaust his administrative remedies.[5] To do so, he must file a charge with the EEOC that identifies the employment practices he is challenging.[6] This court reviews a plaintiff's charge "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"[7] The charge must be sufficiently descriptive to put the employer on notice of the activity complained of and give the EEOC an opportunity to secure voluntary compliance.[8]

The central question here is when Owens submitted his "charge" to the EEOC. In Texas, the plaintiff must file his EEOC charge within 300 days of

---

[1] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018).

[2] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.* (citations omitted).

[4] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)) (brackets omitted).

[5] *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

[6] 42 U.S.C. §§ 2000e-5(e)(1), (f)(1).

[7] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

[8] *Sanchez*, 431 F.2d at 467.

the alleged unlawful action.[9]  A charge must also "be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires."[10]  Charges are considered filed when the EEOC receives the document.[11]  The EEOC allows plaintiffs to file a written charge that does not conform to the requirements and later cure those defects, including failure to verify the charge under oath or affirmation.[12]  When a plaintiff cures a defect, the cure "will relate back to the date the charge was first received."[13]  Owens alleged that he was terminated on May 23, 2011, and we accept that date as true.  Accordingly, to comply with the limitations period, the EEOC must have received a charge from Owens by March 18, 2012.  The EEOC did not receive a verified charge from Owens until October 17, 2012, well past the 300-day period.

Owens argues that the October 21, 2011 EEOC intake questionnaire qualifies as a charge and that the October 17, 2012 charge should relate back to that earlier filing.  The district court held that the intake questionnaire received on October 21, 2011 did not contain any allegations of wrongful termination and accordingly could not be used as the charge in this case.  Owens argues that October 21, 2011 is the correct date of filing for whatever document is used as the initial unverified charge.  Because Owens did not allege any facts related to the intake questionnaire in his complaint, it cannot be considered in the analysis.  Nevertheless, we agree with the district court that the intake form cannot be used as the initial date of the charge because it does not contain any allegations or hints of wrongful termination.  A charge of

---

[9] *See* 42 U.S.C. § 2000e-5(e)(1); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 553-54 (5th Cir. 1987).

[10] 42 U.S.C. § 2000e-5(b)(1).

[11] 29 C.F.R. § 1601.13.

[12] 29 C.F.R. § 1601.12(b); *Edelman v. Lynchburg College*, 535 U.S. 106, 115-19 (2002).

[13] 29 C.F.R. § 1601.12(b).

No. 19-10037

wrongful termination is not reasonably expected to grow out of the allegations contained in the intake questionnaire that Collins harassed Owens and caused him to take medical leave.[14]

\*　　　\*　　　\*

The district court's judgment is AFFIRMED.

---

[14] *See Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006).