LABORATORY CORPORATION OF AMERICA HOLDINGS, Laboratory Corporation of America, and National Genetics Institute, Plaintiffs–Appellees,

v.

CHIRON CORPORATION, Defendant–Appellant.

No. 03–1572.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 30, 2004.

Stephen S. Rabinowitz, Fried, Frank, Harris, Shriver & Jacobson LLP, of New York, New York, argued for plaintiffs-appellees. With him on the brief was James W. Dabney.

Richard G. Greco, Kaye Scholer LLP, of New York, New York, argued for defendant-appellant.

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

LINN, Circuit Judge.

Chiron Corporation ("Chiron") appeals from a decision of the United States District Court for the District of Delaware ("district court") granting a motion brought by Laboratory Corporation of America Holdings, Laboratory Corporation of America, and National Genetics Institute (collectively, "LabCorp") to enjoin Chiron from prosecuting a parallel litigation co-pending in the United States District Court for the Northern District of California. *Lab. Corp. of Am. Holdings v. Chiron Corp.*, No. 03–364–SLR (D.Del. Aug. 4, 2003) ("*Order*"). Because the district court did not abuse its discretion in granting the motion to enjoin Chiron from maintaining the co-pending litigation in the Northern District of California, we affirm.

## I. BACKGROUND

Chiron developed nucleic acid testing methods for detecting Hepatitis C virus in human blood and blood products. *See, e.g.*, U.S. Patent No. 5,712,088. Chiron owns several U.S. patents related to various aspects of its Hepatitis C virus-related inventions, including U.S. Patent Nos. 5,712,088; 5,714,596; 5,863,719; and 6,074,816 at issue in litigations filed in both the District of Delaware and the Northern District of California. LabCorp supplies nucleic acid testing products for detecting the presence and quantity of Hepatitis C virus and performs Hepatitis C virus nucleic acid tests at its facility in North Carolina.

On November 21, 2002, Chiron informed LabCorp that it would file a patent infringement complaint against LabCorp the same day unless LabCorp signed a standstill agreement and undertook licensing negotiations. LabCorp executed a First Standstill Agreement that day. The parties subsequently executed a Second Standstill Agreement, which expired in early April 2003.

Negotiations and discussions continued between the parties about extending the Second Standstill Agreement, but were unsuccessful. After LabCorp failed to sign a proposed extension, Chiron filed suit against LabCorp in the United States District Court for the Northern District of California ("California action"). The California action was docketed as having been filed on April 9, 2003 at 5:50 P.M. PST, or 8:50 P.M. EST. On that same day, unbeknownst to Chiron, LabCorp had earlier filed a declaratory judgment lawsuit against Chiron in the United States District Court for the District of Delaware ("Delaware action"). The Delaware action was docketed as having been filed on April 9, 2003 at 4:27 P.M. EST, approximately four hours before the California action was filed in the Northern District of California. The same patents are in dispute in both cases.

LabCorp brought a motion in the Delaware district court to enjoin the California action. Chiron responded with a cross-motion to dismiss, stay, or transfer the Delaware action. The Delaware district court granted LabCorp's motion and denied Chiron's cross-motion. Chiron appealed the grant of the motion to enjoin the California action, but did not appeal the denial of its cross-motion to dismiss, stay, or transfer the Delaware action.

## II. ANALYSIS

### A. *Threshold Issues*

The unique nature of this court's jurisdiction in patent cases often requires the

court to consider whether to apply regional circuit law or Federal Circuit law to particular issues presented. In many cases, the choice is not critical, given the uniformity of federal jurisprudence governing much of the law. But for some issues, there are meaningful differences that require us to decide which law governs.

Here, we are called upon to decide between Federal Circuit and Third Circuit law on threshold issues affecting our jurisdiction over this appeal. As noted above, this is an appeal by Chiron from the grant by the Delaware district court of LabCorp's motion to enjoin Chiron's prosecution of the parallel action filed by Chiron in California four hours after the Delaware action. For clarity, when we speak of "parallel actions," we are referring to co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties. Chiron contends that Federal Circuit law governs and that under the law of this circuit, the grant of an injunction against a parallel action is immediately appealable under 28 U.S.C. § 1292(a)(1). LabCorp counters that regional circuit law governs and that under the law of the Third Circuit, the grant of the motion to enjoin the parallel action is interlocutory, is reviewable only by petition for writ of mandamus, and is not ripe for appellate review.

### 1. *Applicable Law*

Section 1292(a)(1) provides:

[T]he courts of appeals shall have jurisdiction of appeals from ... Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions....

28 U.S.C. § 1292(a)(1) (2000).

Although the plain language of the statute appears to be both unambiguous and compelling, there is a circuit split concerning whether injunctions enjoining co-pending actions in other courts are appealable under 28 U.S.C. § 1292(a)(1). *See* 19 James Wm. Moore et al., *Moore's Federal Practice* § 203.10[6][b][i], at 203–38 & n. 85 (Matthew Bender 3d ed. 2004) ("*Moore's Federal Practice*"); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 n. 6 (2d Cir.1995) (observing the circuit split). Several courts of appeals, including this court and the Second, Fifth, and Tenth Circuits, have concluded that injunctions against co-pending litigation in other district courts are appealable under section 1292(a)(1). *See, e.g., Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1461 (Fed.Cir.1990) ("[T]he grant of an injunction against continuing suit in another forum is appealable as of right, 28 U.S.C. § 1292(a)...."); *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971) ("Because [the district court]'s directive is an injunction which unconditionally bars plaintiff from proceeding in his other actions, that order is a decision from which appeal may be taken."); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130 (5th Cir.1990) ("[T]his circuit has long recognized a clean distinction between injunctions prohibiting proceedings in other courts, which are appealable, and orders, whether or not styled 'injunctions,' that control proceedings only in the court that issues the order. Thus, if a district court acts to halt proceedings in another court, its action is indeed an injunction within the meaning of section 1292(a)(1) ...." (internal citation, brackets, and quotation marks omitted)); *MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 981 (10th Cir.1992) ("Since [*Baltimore Contractors v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955)], the courts of appeals have generally adopted a per se rule for dealing with orders like the in-

stant one, holding that an order that prohibits a party from pursuing litigation in another court is unquestionably an injunction for purposes of interlocutory appeal under 28 U.S.C.A. § 1292(a)(1)." (internal quotation marks omitted)); *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 697 (10th Cir.1992) (quoting and following *MAI Basic Four*, 962 F.2d at 981). By contrast, the Third Circuit in *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272 (3d Cir.1991), has held that an order barring the defendant from pursuing related litigation in a different forum is not appealable because it is in essence a venue determination that does not affect the substance of the dispute. *Id.* at 1278–79.

LabCorp relies on *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed.Cir.1990), to argue that an appeal from an injunction is a procedural issue not unique to patent law and that we should apply the law of the Third Circuit. LabCorp argues that because an order enjoining a parallel action is only appealable in the Third Circuit via a writ of mandamus, which Chiron has not sought, this court must dismiss the appeal. Chiron responds that under this court's precedent in *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed.Cir.1993), *overruled in part on other grounds by, Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), Federal Circuit law controls and that this court has jurisdiction under 28 U.S.C. § 1292(a)(1).

In *Katz*, this court reviewed an order granted by the District of Massachusetts enjoining a patent owner from prosecuting two other pending actions against different defendants in the Western District of New York. 909 F.2d at 1461. *Katz* used the abuse of discretion standard of review, stating simply that the court was "[a]pply-ing the law of the First Circuit." *Id.* at 1462 (citing *Mass. Ass'n of Older Ams. v. Sharp*, 700 F.2d 749, 751 (1st Cir.1983); *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981)). In *Katz*, the application of the abuse of discretion standard was not controversial. This standard has been recognized to be generally applied by federal courts of appeals in reviewing the grant or denial of injunctive relief. 19 *Moore's Federal Practice* § 206.08, at 206–44.1 to 206–44.2 & n. 12 (noting that the grant or denial of injunctive relief in the federal courts of appeals are reviewed for an abuse of discretion). The statement in *Katz* that the court was "[a]pplying the law of the First Circuit," 909 F.2d at 1462, was not accompanied by an analysis or discussion of the policy issues relevant to the choice of law where there are material differences in Federal Circuit and regional circuit precedent. Furthermore, *Katz* is silent on choice of law considerations when discussing the issue being disputed here, namely appealability under section 1292(a)(1). *See Katz*, 909 F.2d at 1461 (holding that "the grant of an injunction against continuing suit in another forum is appealable as of right, 28 U.S.C. § 1292(a)," without any choice of law discussion whatsoever). Thus, the reference to First Circuit law in *Katz* regarding the widely applied abuse of discretion standard of review should not be read to foreclose consideration of the important policy factors dictating the choice of law in cases in which the regional circuit applies a different standard than the Federal Circuit.

■ In this case, the decision whether to follow Federal Circuit or Third Circuit law is critical: as we have previously observed, the Third Circuit has held that injunctions against litigation in other fo-

rums are not appealable, while under Federal Circuit law such injunctions are appealable under 28 U.S.C. § 1292(a)(1). Thus, we must decide which law applies. In deciding the applicable law, we held in the first case to address the issue that "the Federal Circuit shall review procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed.Cir.1984), *overruled on other grounds by, Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). More recently, this court articulated the rule in the following way:

> We have held that a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to our exclusive control by statute, or if it clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction.

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed.Cir.1999) (en banc in relevant part) (internal citations and quotation marks omitted); *see also Flex–Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed.Cir.2001) ("We answer this question on an issue by issue basis, and will apply the law of the regional circuit to which the district court appeal normally lies unless 'the issue pertains to or is unique to patent law,' in which case we will apply our own law to both substantive and procedural issues 'intimately involved in the substance of enforcement of the patent right.'") (quoting *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855–56 (Fed.Cir.1999)).

In *Genentech,* this court discussed the choice of law rule in a factual context quite similar to this case. In that case, Genentech filed a declaratory judgment patent action against Eli Lilly and the University of California in the Southern District of Indiana. 998 F.2d at 935. One day later, the University of California filed a patent infringement suit against Genentech in the Northern District of California. *Id.* The University moved in the Indiana court to dismiss Genentech's declaratory judgment action. *Id.* The court granted that motion. *Id.* On appeal, this court considered whether regional circuit or Federal Circuit law applied to "[t]he question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement." *Id.* at 937. The court considered and analyzed the applicable factors and concluded that:

> The question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits. Thus, although the Federal Circuit applies the procedural law of the regional circuit in matters that are not unique to patent law, and although matters of procedure do not always carry substantive weight, the regional circuit practice need not control when the question is important to national uniformity in patent practice.

*Id.* (internal citation omitted).

■ Our conclusion that Federal Circuit law applies is consistent with this court's holding in *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844 (Fed.Cir.1987) (en banc), that

[w]hile in some matters of procedural or substantive law this circuit has concluded that we will follow the law as interpreted by the circuit in which the district court is located, such deference is inappropriate on issues of our own appellate jurisdiction. This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it.

(internal citation omitted). Moreover, the articulation of our rule and the rationale for its application in *Genentech* are consistent with our precedent governing the review of the grant or denial in other cases of injunctions directed to substantive issues in patent cases under Federal Circuit law. *See, e.g., Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1359 (Fed. Cir.2004) ("[T]his court reviews a district court's decision granting, denying, or modifying an injunction, in a patent case ... applying Federal Circuit law."); *Tex. Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1328 (Fed.Cir.2000) ("Under Federal Circuit law, this court sustains a grant or denial of a preliminary injunction unless the district court abused its discretion, or based its decision on an erroneous legal standard or clearly erroneous findings of fact."). Accordingly, and because of the importance of national uniformity in patent cases, we hold that injunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts are reviewed under the law of the Federal Circuit.

### 2. *Jurisdiction*

■ Under Federal Circuit law, an injunction against continuing litigation in another forum is recognized as being immediately appealable under section 1292(a)(1). *See Katz*, 909 F.2d at 1461 (noting that "the grant of an injunction against continuing suit in another forum is appealable as of right, 28 U.S.C. § 1292(a)"); *see also* 19 *Moore's Federal Practice* § 203.10[6][b][i], at 203–38 ("An order that prohibits further litigation in another court is an injunction that is appealable immediately.").

Here, the district court granted LabCorp's motion "to enjoin certain litigation currently pending in the Northern District of California." *Order*, slip op. at 1. The district court's order had the effect of prohibiting Chiron from pursuing the currently pending California action. Such order is an injunction against continuing litigation. Having decided that Federal Circuit law applies, and having determined that an injunction restraining a parallel, related patent action is immediately appealable under the law of this circuit, we conclude that we have jurisdiction over the present appeal pursuant to 28 U.S.C. § 1292(a)(1).

### B. *Standard of Review*

■ "[T]his court reviews a district court's decision granting, denying, or modifying an injunction, in a patent case, for abuse of discretion, applying Federal Circuit law." *Int'l Rectifier*, 361 F.3d at 1359; *see also Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1351 (Fed.Cir. 2001) ("[W]e review a district court's decision to grant an injunction and the scope of that injunction for abuse of discretion."). "An abuse of discretion may be established under Federal Circuit law by showing that the court made a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding." *Int'l Rectifier*, 361 F.3d at 1359 (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 772 (Fed.Cir.1993)); *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed.Cir.2001).

## C. *Order Enjoining California Action*

■ The district court's order enjoining the California litigation states in relevant part:

> IT IS ORDERED that plaintiffs' motion [to enjoin certain litigation currently pending in the Northern District of California] is granted.... The Delaware action was first filed; the parties are Delaware corporations; the parties conduct business on a national basis, including in Delaware; and the prior California litigation involving some of the patents in issue was filed in 1998, resolved by settlement and was not filed against plaintiffs.

*Order*, slip op. at 1 (emphasis in original omitted).

Chiron argues that the district court improperly ignored the Second Standstill Agreement by enjoining the California action, and that this was an error of law that itself requires reversal of the district court's injunction. Chiron also presents several grounds upon which it alleges the district court abused its discretion. First, Chiron alleges that the district court abused its discretion in allowing LabCorp to file an anticipatory declaratory judgment action in an effort to forum shop in abuse of the Declaratory Judgment Act. Second, Chiron argues the district court should have respected an earlier ruling by the Northern District of California that the current California action was related to some prior litigation in that court. Third, Chiron contends that the district court abused its discretion by disregarding "the many facts militating in favor" of California as the proper forum for handling the parties' dispute, including that California "has by far the greatest connection to the events in dispute." Finally, Chiron suggests that the district court erred in its conclusion that LabCorp filed "first," even though LabCorp's complaint was filed four hours before Chiron's complaint, because the two actions were filed on the same day and consequently should be treated as filed simultaneously.

We agree with LabCorp that Chiron fails to point out a clear error of judgment, error of law, or clearly erroneous factual finding underlying the district court's decision to enjoin the California action. *See Int'l Rectifier*, 361 F.3d at 1359. Instead, Chiron principally argues that the district court's failure to mention the Second Standstill Agreement was an error of law meriting reversal. Although Chiron relies heavily on LabCorp's alleged breach of the parties' Second Standstill Agreement, the language barring LabCorp from filing any action "until five days after the date on which this Agreement terminates" is ambiguous at best. It is hard to conclude that the district court abused its discretion in not finding that agreement to be a barrier to the action. Moreover, the alleged breach of the Second Standstill Agreement is more relevant to Chiron's motion to dismiss, stay, or transfer the Delaware action than it is to LabCorp's motion to enjoin the California action. Chiron concedes that the district court should have dismissed the Delaware action if it found a breach of the Second Standstill Agreement. *See* Appellant's Br. at 12 ("The district court should have enforced the standstill agreement by dismissing the Delaware Action...."). However, Chiron did not appeal the denial of its motion to dismiss, stay, or transfer the Delaware action. Finally, the fact that the district court did not discuss the Second Standstill Agreement in its order granting the injunction does not necessarily mean it was not considered.

As to the remainder of Chiron's arguments—that the district court ignored, *inter alia*, Northern California's alleged greater connection to the disputed events and an earlier ruling by the California court that the subject of the parties' dispute is related to prior litigation in California—we find no abuse of discretion. The district court addressed these arguments when it found "the parties are Delaware corporations; the parties conduct business on a national basis, including in Delaware" and "the prior California litigation involving some of the patents in issue was filed in 1998, resolved by settlement and was not filed against plaintiffs." *Order*, slip op. at 1. In none of its arguments does Chiron allege that the district court made clearly erroneous factual findings. Chiron is effectively inviting this court to review the district court's determination *de novo* and to substitute our judgment for that of the district court, an invitation we decline to accept. District courts are granted broad latitude in managing the cases before them. We decline to find an abuse of discretion when the district court made an informed determination as to how it would manage the litigation pending before it based on sound reasoning and identified facts. *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed.Cir.2001) (observing that "[t]rial courts are given broad latitude in managing and scheduling cases" and finding no abuse of discretion in the district court's denial of a motion for leave to join a party).

After fully considering Chiron's arguments, we find no reason to conclude that the district court abused its discretion in enjoining the parallel California action.

## III. CONCLUSION

Because the district court did not abuse its discretion in granting LabCorp's motion to enjoin the parallel litigation in the Northern District of California, the district court's decision is

*AFFIRMED.*